## HEATON BUTTON-FASTENER CO. v. MACDONALD et al.

### (Circuit Court, N. D. New York. August 15, 1893.)

### No. 5,650.

**1. PATENTS FOR INVENTIONS—INFRINGEMENT—ACTION TO RECOVER PROFITS.**

Defendant sold and leased machines infringing plaintiff's letters patent No. 310,934, granted to Joseph F. C. Dick January 20, 1885, for improvements in button-attaching machines, and also sold staples adapted for use in such infringing machine, but which could likewise be used in other machines. *Held*, in an action to recover defendant's profits, that the plaintiff was not entitled thereto, as the proof was vague, shadowy, and uncertain, and failed to show the kind of staples sold, or the quantity used in the infringing machine.

**2. SAME—MEASURE OF DAMAGES.**

The master to whom the cause was referred having reported that the entire market value of the infringing machine was due to the use of complainant's inventions, complainant was entitled, as damages, to the profits made on the whole machine. Manufacturing Co. v. Cowing, 105 U. S. 253; Hurlbut v. Schillinger, 9 Sup. Ct. Rep. 584, 130 U. S. 456,—followed.

In Equity. Action by the Heaton Button-Fastener Company against John A. Macdonald, Albert W. Ham, and Arthur M. Wright to recover profits derived from the sale of button-attaching machines alleged to infringe letters patent No. 310,934, granted to Joseph F. C. Dick January 20, 1885, and from the sale of fasteners to be used therein. There was a decree for plaintiff, and the cause was referred to a master to take and state the account of damages and profits. Both parties excepted to the master's report, allowing damages for the sale of the machines, but disallowing them as to the fasteners. Report confirmed.

For prior litigation involving this patent, see 52 Fed. Rep. 667; 55 Fed. Rep. 23.

Statement by COXE, District Judge:

On the 12th of March, 1890, the complainant obtained a decree declaring letters patent No. 310,934, granted to Joseph F. C. Dick January 20, 1885, for improvements in button-attaching machines, valid, and adjudging that the defendants had infringed the fifth claim thereof. The fifth claim is as follows: "(5) The combination of the stationary head mounted upon a standard and containing a stationary button-holding jaw which is provided with a slot, and button-lifting springs on each side of said slot, the race way attached to said head and having a slot communicating with the slot in the holding jaw, the button stop in said race way, the vibrating feeding finger for carrying the buttons one by one from the button stop to the button-lifting springs, the pivoted clinching jaw and the treadle for imparting motion to said clinching jaw and feeding finger substantially as described." On the

25th of August, 1891, the cause was referred to a master to take and state the account of damages and profits. On the 25th of February, 1893, the master filed his report in which he finds that the value of the infringing machine is attributable to the combination described in the fifth claim, and that the complainant is entitled, for that reason, to the entire profits derived by the defendants from the sale and leasing of the 2,500 machines put out by them, amounting in the aggregate to $294.18. He also found that the complainant was not entitled to recover any part of the profits made by the defendants upon staples sold by them to the users of the infringing machines. All claims for damages were waived by the complainant.

The complainant excepts to that part of the report which refuses to allow the profits derived from the sale of staples, and the defendants except to that part of the report which allows the entire profits on the infringing machine.

James H. Lange, Odin B. Roberts, and F. G. Fincke, for complainant.

N. Davenport, for defendants.

COXE, District Judge, (after stating the facts.) The doctrine of contributory infringement is usually enforced by injunction; the theory being, that although the defendant has not completed the wrong, he has done an act, which, in connection with some other act, sure to follow, will necessarily result in a consummated infringement. He is, therefore, particeps fraudis. An injunction strikes the conspiracy in its inception. But when the complainant seeks to recover the defendant's profits proof of a different character is required. He must show, with accuracy, not only the amount of the profits, but also that they are attributable directly to the invention.

Where the contributory infringer deals in a very inferior part of a patented combination of old elements, it is manifest that the task of proving that the profits he receives are due to the patent, is a difficult one, and especially so when it appears that he receives no higher price for his goods than when sold for other, and legitimate, uses. The patentee of a sewing machine would hardly recover the profits of one who sold thread and needles to the possessor of an infringing structure. Can it be said that one who sells staples, or buttons, adapted for use in an infringing button-attaching machine, must surrender his entire profits to the owner of the patent? If a third party had sold staples to a holder of a Trojan machine, could the complainant recover the entire profits made by him? If so, patents of little or no value may be made the instruments of extorting immense sums, in no way attributable to the patent, from those who have sold supplies to infringers.

A staple is not an element of the fifth claim of the Dick patent, defendants had a perfect right to sell staples for use in other machines, and there is no adequate proof that the entire profits from the sale of staples was due to the combination of the fifth claim; there is no proof as to the number of staples used in machines embodying that combination. The proof before the master shows that the defendants themselves sold between 3,000 and 4,000 hand machines in which the staples in question could be used. Where

a contributory infringer is held for profits it must be on proof that they were derived from something which is a part of, or indispensable to, the patented combination, and, if capable of innocent use, that it was actually used in the infringing combination. The fact that the defendants sold or leased infringing machines to the same parties to whom they sold staples, does not aid the complainant, at least as to those machines not held under written lease. About 1,455 infringing machines were transferred under an agreement by the terms of which the licensee, agreed to purchase of the defendants all the staples used with said machine. It is insisted by the complainant, that the profits on the staples are, under this agreement, only another name for royalties or license fees.

Even were this position tenable it would still be necessary to show what proportion of the profits was derived from staples actually used in licensed machines. The testimony fails to show this. The master finds as follows:

"The testimony fails to show whether the staples sold to parties signing the contracts were foot-power staples or hand-power staples or both; it fails to show how they were used or how many were used in the infringing machines. These staples may have been used in other machines, the hand tool of defendants for example, of which a large number were sold, or they may not have been used at all."

To compel the defendants to pay a judgment amounting to over $20,000 based upon such inadequate proof would be running counter to all the adjudicated cases upon this subject. The testimony is vague, shadowy and uncertain and depends too much upon conjecture and speculation. The complainant's exceptions are overruled.

The master finds that the machines sold by the defendants embodied the combination of the fifth claim of the complainant's patent and that its entire market value was due to the invention. He says:

"The value of the infringing machine is attributable to the combination described in the fifth claim of the patent in suit, and the complainant is entitled to the profits made on the whole machine."

There is nothing in the record now before the court to dispute the correctness of this finding, and the case is therefore within the rule laid down in Manufacturing Co. v. Cowing, 105 U. S. 253, and Hurlbut v. Schillinger, 130 U. S. 456, 9 Sup. Ct. Rep. 584. The exceptions of the defendants are overruled.

The report of the master is confirmed without costs; the expense of printing the record is to be divided equally between the parties.